## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZIMMER BIOMET HOLDINGS, INC.,
345 East Main Street
Warsaw, Indiana 46580

       Plaintiff,

vs.

INTERNAL REVENUE SERVICE,
1111 Constitution Avenue, NW
Washington, D.C. 20224

       Defendant.

Civil Action No. 1:22-cv-02966

## COMPLAINT

Plaintiff Zimmer Biomet Holdings, Inc., by and through its counsel, brings this action against Defendant Internal Revenue Service ("IRS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3.     Plaintiff Zimmer Biomet Holdings, Inc., is a corporation organized under the laws of the State of Delaware.  Prior to 2015, Plaintiff was known as Zimmer Holdings, Inc.

4.      Defendant IRS is an agency of the U.S. Government within the meaning of 5 U.S.C. § 552.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      This Complaint contains three distinct claims alleging Defendant has violated the FOIA.  The first pertains to an April 24, 2020 FOIA request for an Appeals Case Memorandum pertaining to Plaintiff's 2008-2009 examination period.  The documents Defendant produced in response to that request were heavily redacted.

6.      The second claim pertains to an October 23, 2020 FOIA request for information related to Plaintiff's 2010-2012 examination period.  As of the date of the filing of this Complaint, Defendant has neither produced responsive documents nor communicated any form of agency determination to Plaintiff regarding this request.

7.      The third claim pertains to a December 14, 2020 FOIA request for information related to Plaintiff's 2013-2015 examination period.  As of the date of the filing of this Complaint, Defendant has neither produced responsive documents nor communicated any form of agency determination to Plaintiff regarding this third FOIA request.

### *FOIA Case No. F20115-0017 – Appeals Case Memorandum*

8.      Defendant conducted a routine federal civil examination of Plaintiff's 2010-2012 taxable years.

9.      On March 17, 2020, representatives of the IRS examination team, representatives of Plaintiff's tax department, and Plaintiff's counsel attended a telephone conference to discuss issues relating to the ongoing examination.

10.     During that telephone conference, IRS examination team members revealed that the examination team relied on the contents of the 2008-2009 Appeals Case Memorandum ("ACM") to reach conclusions with respect to a transfer pricing issue in the 2010-2012 taxable years.

11.     During that telephone conference, one member of the examination team indicated that the contents of the ACM would speak for itself.

12.     That same member of the examination team stated her belief that Plaintiff had already received a copy of the ACM, which it had not.

13.     That same day, Plaintiff requested a copy of the ACM from the examination team for the purpose of reviewing the information relied upon by the examination team.  No response was provided by the examination team to that request.

14.     On April 24, 2020, Plaintiff, by and through its counsel, submitted a FOIA request ("FOIA Request F20115-0017") to the IRS seeking the production of:

> The final Appeals Case Memorandum (ACM) prepared in connection with the 2008 and 2009 taxable years.  The ACM is described in IRM 8.6.2.2 (08-17-2017) and 8.7.11.14 (10-26-2007).   The request for the ACM includes but is not limited to all narrative sections, attachments, forms, schedules of adjustment, and any other attachments to the ACM.

15.     Plaintiff's FOIA Request F20115-0017 was made in accordance with published FOIA rules and procedures.

16.     By letter dated May 18, 2020, Defendant acknowledged receipt of Plaintiff's FOIA request on April 24, 2020, and assigned it case number F20115-0017.

17.     Defendant sent a partial denial to Plaintiff's FOIA Request F20115-0017 on August 28, 2020.

18.     Of the 63 pages of documents allegedly located by Defendant in response to Plaintiff's request, Defendant disclosed 35 pages in full, redacting large amounts of the remaining 28 pages.

19.     Plaintiff's counsel has reviewed the 63 pages disclosed.

20.     Defendant invoked claims of 5 U.S.C. § 552(b)(5) deliberative process privileges and withheld information relied upon by the examination team in the 2010-2012 taxable years.

21.     On November 25, 2020, Plaintiff timely appealed the decision to withhold requested information ("FOIA Appeal").

22.     A U.S. Postal Service tracking receipt confirmed the FOIA Appeal was delivered on December 1, 2020.

23.     Plaintiff received no notice or acknowledgment of receipt of the FOIA Appeal by Defendant until April 22, 2022, after various attempts to contact the FOIA Public Liaison to request an update.

24.     The FOIA Appeal was denied by letter dated May 4, 2022.

25.     The full extent of Defendant's analysis reads:

> The partially redacted pages meet the "deliberative" requirement of the privilege because, in this instance, it protects from disclosure predecisional thoughts and analysis of Appeals reaching its decision to settle federal income tax issue [sic] with the Taxpayer.  There is no provisions [sic] within the FOIA that exempts the application of FOIA exemptions due to statements made by an Internal Revenue Service employee to a Taxpayer in connection with an examination.

26.     At no point did Defendant address whether the deliberative process privilege claims had been waived by the IRS examination team members.

### *FOIA Case No. 2021-02105 – 2010-2012 Administrative Files*

27.     On October 23, 2020, Plaintiff, by and through its counsel, submitted a FOIA request ("FOIA Request 2021-02105") to Defendant seeking the production of:

> All documents contained in the Examination Division's Administrative File relating to the audit of Zimmer Biomet for the 2010-12 Examination Period.
>
> All communications, including e-mails, regarding, referring, or relating to the audit of Zimmer Biomet's 2010-12 Examination Period, including any communications where a member of the IRS Examination Team for Zimmer Biomet (or any other IRS employee or contractor) was the sender, recipient, or otherwise obtained copies of the communication.

28.     Plaintiff's FOIA Request 2021-02105 was made in accordance with published FOIA rules and procedures.

29.     By letter dated November 20, 2020, Defendant acknowledged receipt of Plaintiff's FOIA Request 2021-02105 on October 28, 2020 and assigned it case number 2021-02105.

30.     On December 2, 2020, Defendant requested payment for search and duplication fees in the amounts of $4,756.00 and $25.00, respectively.

31.     Plaintiff timely remitted payment for search and duplication fees in the amount requested via check on December 17, 2020.

32.     Plaintiff's counsel has attempted to contact the FOIA Disclosure Specialist assigned to this case over 25 times in an attempt to obtain the requested documents.

33.     The most recent correspondence from Defendant's FOIA Disclosure Specialist, dated September 7, 2022, indicated that the requested records could not be provided until December 9, 2022.

34.     The September 7, 2022 letter is the sixth time Defendant has requested an extension of time to comply with FOIA Request 2021-02105.

35.     Defendant's proposed adjustments for the 2010-2012 tax years are currently under consideration by the IRS Independent Office of Appeals.  Plaintiff seeks the requested information to adequately prepare for the IRS Appeals process.

36.     Defendant's delay and refusal to produce the requested documents has prejudiced Plaintiff in the IRS Appeals process.

37.     As of the date of the filing this Complaint, Defendant has not met any of its self-imposed deadlines.

38.     Defendant has demonstrated a pattern of repeated and unilateral extensions without the production of any of the requested information.

39.     Defendant has provided no reliable information regarding when or whether the information requested in 2020 will be provided.

40.     On June 28, 2022, Plaintiff's counsel sent a letter to the Disclosure Specialist assigned to the case and explained that Plaintiff's FOIA request pertained to legal issues the Plaintiff was actively trying to resolve with IRS Appeals.  Plaintiff further explained that IRS Appeals sessions were expected to be calendared soon, and that the requested documents were urgently needed to prepare for those meetings.  In the letter, Plaintiff asked to schedule a telephone call to discuss FOIA Request 2021-02105 at the Disclosure Specialist's earliest convenience and requested that Defendant communicate some response by July 1, 2022.

41.     As of the date of the filing of this Complaint, Plaintiff has not received a response to the June 28, 2022 letter.

42.     During a conference with the IRS Independent Office of Appeals on August 23, 2022, counsel for the IRS stated his belief that the examination team had submitted the information within their possession or control, responsive to Plaintiff's FOIA Request 2021-02105 to the IRS FOIA office approximately one year ago.

43.     That same attorney for the IRS indicated that he had completed his review of responsive information and review of objections and submitted his feedback to the disclosure team six months prior to the August 23, 2022 conference.

### *FOIA Case No. 2021-04867 – 2013-2015 Administrative Files*

44.     On December 14, 2020, Plaintiff, by and through its counsel, submitted a FOIA request ("FOIA Request 2021-04867") to Defendant seeking the production of:

> All documents contained in the Examination Division's Administrative File relating to the audit of Zimmer Biomet for the 2013-2015 Examination Period.
>
> All communications, including e-mails, regarding, referring, or relating to the audit of Zimmer Biomet's 2013-15 Examination Period, including any communications where a member of the IRS Examination Team for Zimmer Biomet (or any other IRS employee or contractor) was the sender, recipient, or otherwise obtained copies of the communication.

45.     Plaintiff's FOIA Request 2021-04867 was made in accordance with published FOIA rules and procedures.

46.     By letter dated February 3, 2021, Defendant acknowledged receipt of Plaintiff's FOIA Request 2021-04867 on December 14, 2020 and assigned it case number 2021-04867.

47.     On February 3, 2021, Defendant requested payment for search and duplication fees in the amounts of $6,068.00 and $25, respectively.

48.     Plaintiff timely remitted payment in the amount requested via check on February 24, 2021.

49.     Plaintiff's counsel has attempted to contact the FOIA Disclosure Specialist assigned to this case over 25 times in an attempt to obtain the requested documents.

50.     The most recent correspondence from Defendant's FOIA Disclosure Specialist, dated September 7, 2022, indicated that the requested records could not be provided until December 9, 2022.

51.     The September 7, 2022 letter is the fifth time Defendant has requested an extension of time to comply with this FOIA request.

52.     Defendant's proposed adjustments for the 2013-2015 tax years are currently under consideration by IRS Appeals.  Plaintiff seeks the requested information to adequately prepare for the IRS Appeals process.

53.     Defendant's delay and refusal to produce the requested documents has prejudiced Plaintiff in the IRS Appeals process.

54.     As of the date of the filing this Complaint, Defendant has not met any of its self-imposed deadlines.

55.     Defendant has demonstrated a pattern of repeated and unilateral extensions without the production of any of the requested information.

56.     Defendant has provided no reliable information regarding when or whether the information requested in 2020 will be provided.

57.     On June 28, 2022, Plaintiff's counsel sent a letter to the Disclosure Specialist assigned to the case and explained that Plaintiff's FOIA request pertained to legal issues the Plaintiff was actively trying to resolve with IRS Appeals.  Plaintiff further explained that Appeals sessions were expected to be calendared soon, and that the requested documents were urgently needed to prepare for those meetings.  In the letter, Plaintiff asked to schedule a

telephone call to discuss FOIA Request 2021-04867 at the Disclosure Specialist's earliest convenience and requested that Defendant communicate some response by July 1, 2022.

58.    As of the date of the filing of this Complaint, Plaintiff has not received a response to the June 28, 2022 letter.

59.    During a conference with the IRS Independent Office of Appeals on August 23, 2022, counsel for the IRS stated his belief that the Exam team had submitted the information within their possession or control, responsive to Plaintiff's FOIA Request 2021-0486 to the IRS FOIA office approximately one year earlier.

60.    That same attorney for the IRS indicated that he had completed his review of responsive information and review of objections and submitted his feedback to the disclosure team six months prior to the August 23, 2022 conference.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Violation of, 5 U.S.C. § 552 in Relation to Case No. F20115-0017)

61.    Plaintiff realleges paragraphs 1 through 26 as if fully stated herein.

62.    Defendant, an agency of the U.S. Government within the meaning of 5 U.S.C. § 552, has improperly withheld portions of the ACM, an agency record within its possession or control, in violation of 5 U.S.C. § 552(a)(3).

63.    The purpose of an ACM is to adequately explain and support the basis for the disposition of a case.  I.R.M. 8.6.2.2.4 (08-17-2017).

64.    The ACM was approved by the Appeals Team Manager ("ATM") on December 3, 2018.

65.     The closing agreement that resolved issues in the 2008-2009 tax years and to which this ACM relates was executed on October 19, 2017, over one year prior to the date of the ACM.

66.     Any deliberative process by which Defendant arrived at a decision regarding the 2008-2009 tax years concluded on or before October 19, 2017, when the closing agreement was signed, well before the ACM was approved on December 3, 2018.

67.     Because the closing agreement had already been executed, agency decisionmakers were no longer free to change their minds.

68.     The ACM was the final product of an ongoing collaborative effort between the ATM and the Appeals Team Case Leader ("ATCL") to document a final agency decision and the reasons supporting it.

69.     Documents that serve only to explain a previous agency decision are not deliberative.

70.     To the extent Defendant may have believed the ACM contained exempt information, an adequate attempt was not made to segregate and disclose factual or other non-deliberative information.

71.     Even if Defendant correctly identified portions of the ACM as predecisional and deliberative, continued withholding remains improper because the release of that information will not cause any foreseeable harm to Defendant's interest in the deliberative process, which ended more than a year prior to the ACM.

72.     Any deliberative process privilege was waived when the ATM approved the ACM by signing the "approval" line on IRS Form 5402-c, Appeals Transmittal and Case Memo.

By approving the ACM in whole, the ATM adopted the full memorandum, including any

recommendations contained within, into a final agency view of the matter.

73.    Any deliberative process privilege was waived by the discussion of, and reliance

upon, the ACM by the IRS examination team with respect to conclusions reached with respect to

later taxable years.

74.    The withheld information under the deliberative process privilege should be

produced because the deliberative process privilege does not apply to the ACM.  Even if it did,

that privilege was waived by reliance of the examination team on the information contained in

the ACM.

**SECOND CAUSE OF ACTION**
**(Violation of, 5 U.S.C. § 552 in Relation to Case No. 2021-02105)**

75.    Plaintiff realleges paragraphs 1 through 7 and 27 through 43 as if fully stated

herein.

76.    Defendant, an agency of the U.S. Government within the meaning of 5 U.S.C.

§ 552, has improperly withheld agency records within its possession or control, in violation of

5 U.S.C. § 552(a)(3).

77.    As of the date of filing this Complaint, over 23 months from the date of the

original FOIA Request 2021-02105, Defendant has yet to produce the requested records or

communicate a determination within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

78.    Plaintiff has exhausted all administrative remedies.

79.    In the alternative, all administrative remedies have been constructively exhausted.

80.    Defendant's lack of diligence and resulting unreasonable delay has prejudiced

Plaintiff's ability to prepare to present its case to the IRS Appeals with respect to the 2010-2012

tax years.

## THIRD CAUSE OF ACTION
### (Violation of, 5 U.S.C. § 552 in Relation to Case No. 2021-04867)

81.    Plaintiff realleges paragraphs 1 through 7 and 44 through 60 as if fully stated herein.

82.    Defendant, an agency of the U.S. Government within the meaning of 5 U.S.C. § 552, has improperly withheld agency records within its possession or control, in violation of 5 U.S.C. § 552(a)(3).

83.    As of the date of filing this Complaint, over 20 months from the date of the original FOIA Request 2021-04867, Defendant has yet to produce the requested records, or communicate a determination within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

84.    Plaintiff has exhausted all administrative remedies.

85.    In the alternative, all administrative remedies have also been constructively exhausted.

86.    Defendant's lack of diligence and resulting unreasonable delay has prejudiced Plaintiff's ability to prepare to present its case to the IRS Appeals with respect to the 2013-2015 tax years.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendant to release to Plaintiff all documents, and portions of redacted documents, improperly withheld in relation to FOIA case number F20115-0017 under claim of the deliberative process privilege;

(2) Order Defendant to produce all records responsive to Plaintiff's outstanding FOIA requests, case numbers 2021-02105 and 2021-04867; and

(3) Grant Plaintiff such other relief as the Court deems just and proper.

Dated this 30th day of September, 2022

                            Respectfully submitted,

                            /s/ Hadassah M. Reimer

Hadassah M. Reimer
Holland & Hart LLP
645 South Cache Street, Suite 100
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 734-4517
Fax: (307) 739-9744
Email: HMReimer@hollandhart.com


William F. Colgin, Jr.
Holland & Hart LLP
645 South Cache Street, Suite 100
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 734-4510
Fax: (844) 473-4724
Email: WFColgin@hollandhart.com
*Pro hac vice* pending


Susan L. Combs
Holland & Hart LLP
645 South Cache Street, Suite 100
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 734-4518
Fax: (866) 337-9330
Email: SLCombs@hollandhart.com
*Pro hac vice* pending

Matthew E. Wright
Holland & Hart LLP
555 17th Street, Suite 3200
P.O. Box 4749
Denver, CO 80202
Telephone: (303) 295-8161
Fax: (303) 989-0081
Email: MEWright@hollandhart.com
D.C. Bar # 229657
*Pro hac vice* pending

***Attorneys for Plaintiff Zimmer Biomet Holdings, Inc.***